IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT GRADY JOHNSON, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | Case No. CIV-04-1602-L |
| ) | |
| MIKE MULLIN, Warden, ) | |
| ) | |
| Respondent ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).[1] A response to the petition has been filed, as well as a reply, and so the matter is at issue and ready for disposition. However, before the petition is addressed on its merits, the undersigned concludes that because under certain circumstances 28 U.S.C. § 2244 limits this Court's jurisdiction over a 28 U.S.C. § 2254 petition, that the impact of Petitioner's prior petitions should be addressed.[2]

**I. Procedural History**

---

[1] On March 29, 2005, Judge Friot transferred this action to United States District Judge Tim Leonard for all further proceedings.

[2] In an order dated December 2, 2004, the undersigned ordered Respondent to indicate his position on whether this was a second or successive petition for which transfer to the Tenth Circuit would be required pursuant to 28 U.S.C. § 2244(b)(3)(A) and Coleman v. United States, 106 F.3d 339 (10th Cir. 1997). [Doc. No. 11]. Respondent did not include any information in his response regarding the application of 28 U.S.C. § 2244(b)(3)(A); however, the filing of a response to the merits of the petition indicates his belief that this is not a second or successive petition. See Order of December 2, 2004 at p. 1. (In the event the Respondent contends the petition is second or successive he need not address the merits thereof).

Petitioner is challenging his convictions on four counts of murder in the commission of robbery with a dangerous weapon for which he was sentenced to life without parole on each count.[3] Case No. CF-84-597, District Court of Comanche County. Petitioner filed his first application for habeas corpus relief in the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 2254. The case was transferred to this Court on February 20, 1997. Case No. CIV-97-234-L. The case was dismissed without prejudice on a finding that Petitioner had not exhausted his claims in state court. Petitioner did not appeal the judgment.

Thereafter, on October 19, 1998, Petitioner filed a second application for habeas corpus relief in this Court. Case No. CIV-98-1453-L. Therein Petitioner sought to compel the State of Oklahoma to permit him a direct appeal from his convictions, asserting that his constitutional right to the effective assistance of counsel was violated because his appellate attorney failed to timely file a petition in error, resulting in the dismissal of his direct appeal by the Oklahoma Court of Criminal Appeals. This Court denied relief. Id. On appeal, the Tenth Circuit Court of Appeals concluded that Petitioner's first application for habeas corpus relief, Case No. CIV-97-234-L, had been improperly dismissed. Johnson v. Champion, 288 F.3d 1215, 1225-26 (10th Cir. 2002). The Court further concluded that Petitioner was denied the effective assistance of appellate counsel and ordered that he be granted a direct appeal out of time or be released from confinement. Johnson, 288 F.3d at 1230.

---

[3] Petitioner was also convicted of three counts of shooting with the intent to kill, and one count of attempted shooting. Petition, p. 2.

Thereafter Petitioner filed his direct appeal with the Oklahoma Court of Criminal Appeals. Case No. F-2002-918, Oklahoma Court of Criminal Appeals. The Oklahoma Court of Criminal Appeals affirmed Petitioner's convictions and he sought relief in this Court by filing the instant 28 U.S.C. § 2254 petition. The filing of this petition raises the question of whether the matter should be transferred to the Tenth Circuit for consideration as a second or successive petition. See Coleman v. United States, 106 F.3d 339 (10th Cir. 1997).

## II.     28 U.S.C. § 2244

28 U.S.C. § 2244 requires that a movant who seeks to file a second or successive petition pursuant to 28 U.S.C. § 2254 first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A). This gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not define what is meant by "second or successive" petition. Reeves v. Little, 120 F.3d 1136, 1138 (10th Cir. 1997). "In determining what is a 'second or successive' motion under the statute, the circuits which have reviewed this question use the 'abuse of the writ' standard in effect before AEDPA was enacted." Id. (citations omitted).

In United States v. Scott, 124 F.3d 1328 (10th Cir. 1997), the Court considered whether a second application for relief pursuant to 28 U.S.C. § 2255 was "second or successive" for purposes of 28 U.S.C. § 2244 when the petitioner's first 28 U.S.C. § 2255 motion was utilized solely for purposes of gaining a direct appeal.[4] As a result of the first

---

[4] Petitions by federal criminal defendants under 28 U.S.C. § 2255 are also subject to a limitation on second and successive petitions set forth in 28 U.S.C. § 2244.

3

§ 2255 petition the district court resentenced the petitioner, thereby restarting the clock and permitting him to pursue a direct appeal. "The purpose of the resentencing was to place the defendant 'back into the position he would have been had counsel perfected a timely notice of appeal.'" Id. at 1329 (quoting United States v. Saucedo, 950 F.2d 1508, 1511 (10th Cir. 1991)). Therefore the Tenth Circuit determined that the § 2255 motion filed after the appeal was not second or successive and did not require prior permission before being filed in the district court.

The Tenth Circuit has also held that a 28 U.S.C. § 2254 petition filed as part of the Harris v. Champion litigation does not render a subsequent petition second or successive.[5] Reeves, 120 F.3d 1136. "The unique situation presented in the Harris cases prevented [petitioner] from presenting claims other than the issue of whether the delay in his appellate review violated his due process rights." Id. at 1139.

If this Court were to concluded that this is a second or successive petition, Petitioner's unique situation would leave him without federal judicial review of any of his substantive claims absent prior approval for the filing from the Tenth Circuit.[6] Petitioner's 28 U.S.C. § 2254 application in Case No. 98-1453-L was an effort to remedy the denial of the effective assistance of appellate counsel and a direct appeal. Had Petitioner raised the substantive issues of trial error in either of his first two petitions the

---

[5] In Harris v. Champion, 15 F.3d 1538 (10th Cir. 1994), and other related cases, the Tenth Circuit considered the Oklahoma criminal appellate process and the effect of its affiliated delay in direct criminal appeals in cases involving indigent defendants.

[6] Ordinarily a petition dismissed for failure to exhaust does not subject the Petitioner to the gatekeeping provisions of 28 U.S.C. § 2244(b)(3)(A) for a later-filed petition. McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997). Accordingly, the petition in Case No. CIV-97-234-L would not be counted as a prior petition for purposes of determining whether the instant petition is second or successive.

Court would have dismissed the petitions as mixed, that is containing exhausted and unexhausted claims, under Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Alternatively the Court would have required that Petitioner amend the petition to include only his single exhausted claim, that the ineffective assistance of appellate counsel resulted in the loss of his right to a direct appeal.[7] To permit Petitioner to file an additional § 2254 petition at this time would not be an abuse of the writ given the circumstances of his first two 28 U.S.C. § 2254 petitions.

> [I]f the instant petition is considered a second or successive one under AEDPA any other claims which existed at the time of the first petition would be foreclosed from federal review. This "would conflict with the doctrine of writ abuse, as understood both before and after Felker [v. Turpin, 518 U.S. 651 (1996)]. " Camarano [v. Irvin, 98 F.3d 44, 46 (2d Cir. 1996)]. To construe these subsequent petitions as second or successive, "far from falling 'well within the compass' of the evolving doctrine of abuse of the writ, as stated in Felker, would unjustifiably deviate from that evolution." Id.

Reeves, 120 F.3d at 1139 (further citations omitted).

In this case the undersigned concludes that the petition currently before the Court is not a second or successive petition for purposes of 28 U.S.C. § 2244(b)(3)(A). If this Report and Recommendation is adopted, the undersigned recommends that this matter be recommitted for additional proceedings on the merits of the petition.

## **RECOMMENDATION**

---

[7] On March 30, 2005, the United States Supreme Court decided Rhines v. Weber, __ U.S. __, 2005 WL 711587 (2005), granting district courts the discretion, under certain limited circumstances, to hold a 28 U.S.C. § 2254 mixed petition in abeyance pending the outcome of attempts to exhaust state court remedies. At the time of Petitioner's first two § 2254 filings the Court would have adhered to the strict construction of Rose v. Lundy and either dismissed the entire petition or required amendment to eliminate the unexhausted claims.

Having reviewed the record in this case and the procedural history of Petitioner's prior applications pursuant to 28 U.S.C. § 2254, the undersigned Magistrate Judge finds that this petition should not be considered second or successive under 28 U.S.C. § 2244(b)(3)(A).  If this Report and Recommendation is adopted, the undersigned recommends that this matter be recommitted for further proceedings on the merits of the petition.  The parties are advised of their right to file objections to this Report and Recommendation with the Clerk of this Court by Ma 10, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  This Report and Recommendation only partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 20th day of April, 2005.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE